IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY NIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3807-N-BN |
| | § | |
| GREG ABBOTT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tracy Nixon has filed a motion seeking transfer of venue to the Northern District of Illinois in this 42 U.S.C. § 1983 proceeding. *See* Dkt. No. 9. Plaintiff alleges that venue should be changed because the undersigned sent a notice to Plaintiff reminding him that he had previously been given a sanctions warning and because Plaintiff has filed a judicial complaint against a district judge and bankruptcy judge of this Court. *See id.*

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. Louisiana State Univ.,* 876 F.2d 412, 413 (5th Cir. 1989).

This statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3), if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

The Court may transfer a case to any proper judicial district or division "for the

convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a)*); see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a).

Here, Plaintiff claims that Defendant Abbott violated his constitutional rights by seeking to enforce a child support order despite the automatic stay provisions of the Bankruptcy Code. *See* Dkt. No. 3 at 1-9. All such conduct allegedly occurred in the Northern District of Texas or is associated with civil proceedings instituted in the 301st Judicial District Court of Dallas County, Texas or bankruptcy proceedings that have taken place in the Northern District of Texas. *See id.* at 1-2.

None of Plaintiff's allegations involve any defendants residing in, or conduct taking place in, the Northern District of Illinois. And Plaintiff has not established that Defendant is subject to the personal jurisdiction of that court.

Plaintiff's conclusory allegations of judicial bias – which are insufficient to justify recusal of the undersigned, as the undersigned has ruled in an order entered on this same date – do not support transfer to the Northern District of Illinois or any other district. Plaintiff invokes the presumed prejudice doctrine, but that doctrine has no application here. *See generally Mayola v. State of Ala.*, 623 F.2d 992, 996-97 (5th Cir. 1980) (addressing presumed prejudice due to pervasive pretrial publicity). Plaintiff has not alleged any adverse pretrial publicity. Rather, he asserts that a potential juror could review the docket in this case and discover the undersigned's notice regarding the prior sanctions warning against him in another case. Not only is this allegation,

on its face, too attenuated to support a finding of presumed prejudice, but, here, the undersigned's order made no finding that the lawsuit is frivolous, malicious, or fails to state a claim.. *See* Dkt. No. 6.

Plaintiff also asserts that the Court should presume that another judge of this Court will be called as a witness in some other action. This assumption likewise does not support a change of venue under the presumed prejudice doctrine.

## Recommendation

Plaintiff's motion to transfer venue [Dkt. No. 9] should be DENIED.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 25, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE