IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY NIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3807-N-BN |
| | § | |
| GREG ABBOTT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tracy Nixon has filed a motion seeking the entry of default judgment and a petition seeking a mandamus order for the Clerk of Court to issue a default judgment against Defendant in this 42 U.S.C. § 1983 proceeding. *See* Dkt. Nos. 19 & 21. Both motions should be denied.

**Analysis**

As the undersigned magistrate judge explained in denying Plaintiff's request for issuance of summons, *see* Dkt. Nos. 16 & 17, the Court is currently screening his *in forma pauperis* complaint as authorized by 28 U.S.C. § 1915. That is, because Plaintiff is appearing *pro se* and – after the undersigned granted Plaintiff's motion, *see* Dkt. Nos. 5 & 7 – proceeding *in forma pauperis,* the undersigned magistrate judge has authority to screen the complaint and, if the undersigned concludes that all or part of this action should be summarily dismissed pursuant to 28 U.S.C. § 1915, make a recommendation of summary dismissal to the presiding district judge.

Plaintiff may file objections to any order or recommendation entered by the

undersigned in accordance with the procedures set forth in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, and, if the undersigned recommends summary dismissal of this action in whole or in part, the presiding judge will determine whether all or part of this lawsuit should be summarily dismissed under § 1915, and the Court will then issue summons and order Marshal's service.

Because the Court has not issued summons or ordered Marshal's service, Defendant is not in default for failing to enter a responsive pleading. Accordingly, Plaintiff's motions [Dkt. Nos. 19 & 21] should be denied.

## Recommendation

Plaintiff's motions [Dkt. Nos. 19 & 21] should be DENIED.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 24, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE