IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY NIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3807-N-BN |
| | § | |
| GREG ABBOTT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Tracy Nixon, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Texas Attorney General Greg Abbott and Assistant Attorney General Gabriella Bendslev violated his constitutional rights by seeking to enforce a child support order despite the automatic stay provisions of the Bankruptcy Code. *See* Dkt. No. 3 at 1-9; Dkt. No. 31 at Questions 1 & 3. On September 18, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 5. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this

-1-

case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7. The Court cautioned Plaintiff that, based on a prior sanction warning by Judge Ed Kinkeade, "he may be subject to sanctions, including monetary sanctions and restrictions on the ability to file future lawsuits without leave of Court" if this action is determined to be frivolous, malicious, or fails to state a claim. Dkt. No. 6.

Because Plaintiff wished to persist in this lawsuit, the Court sent written interrogatories to him in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 24. Plaintiff answered the interrogatories on December 13, 2013. *See* Dkt. No. 31.

In his complaint and interrogatory responses, Plaintiff generally accuses Attorney General Abbott and Assistant Attorney General Bendslev of violating his civil rights by jailing him for civil contempt despite the automatic stay provisions of the Bankruptcy Code. *See* Dkt. No. 3 at 2-9; *see also* Dkt. No. 31 at Questions 1 & 3. As a result of this detention, Plaintiff contends that he was unable to pay the filing fees which resulted in the dismissal of his bankruptcy case. *See id.* By this lawsuit, Plaintiff seeks monetary damages in the amount of $250 million. *See* Dkt. No. 31 at Question 2.

The undersigned now concludes that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's motion for discovery sanctions [Dkt. No. 30] should be denied, and he should be sanctioned for his continued abuse of the judicial system.

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (i)   is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed

factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Initially, Plaintiff cannot sue Attorney General Abbott under 42 U.S.C. § 1983. As a supervisory official, this defendant cannot be sued for civil rights violations unless he (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by Abbott and has not identified an official policy or custom that resulted in the denial of his constitutional rights. *See* Dkt. No. 31 at Question 4. Instead, he seeks to hold Abbott responsible for actions of the assistant attorney general that prosecuted his child support enforcement proceeding. *See id.* Attorney General Abbott cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances. *See Campbell v. Tyson*, No. 3:13-cv-1003-M-BN, 2013 WL 2094987, at *3 (N.D. Tex. Apr. 23, 2013) (citing *Mitchell v. Valdez,* No. 3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007)), *rec. adopted*, 2013 WL 2097363 (N.D. Tex. May 14, 2013).

Plaintiff has also failed to state a claim against Gabriela Bendslev, the assistant

attorney general that prosecuted his child support case. It is well-settled that prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman,* 424 U.S. 409, 427 (1976). Setting forth his claims against this defendant, Plaintiff stated:

> The Assistant Attorney General of the State of Texas acted *ultra vires* who[se] name is Ms. Gabriella Bendslev . . . wrongfully imprisoned petitioner while he was in United State Bankruptcy Chapter 7 causing the bankruptcy to be dismissed for failing to pay installment on filing fees. Because Petitioner was imprisoned and could not pay filing fees in bankruptcy as ordered by U.S. Bankruptcy Judge in the Northern District of Texas Dallas Division. Petitioner's licenses are still suspended.

Dkt. No. 31 at Question 6. This statement appears to challenge conduct taken within the scope of the prosecutor's professional duties. Accordingly, Bendslev is protected by absolute immunity.

Plaintiff's complaint generally alleges that he has been wrongfully detained for contempt of court which has resulted in "personal injury, impairment of reputation, personal humiliation, mental anguish, [and] los[t] wages." Dkt. No. 31 at Question 2. In *Heck v. Humphrey,* the Supreme Court held that a state prisoner cannot bring a Section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The *Heck* bar applies to convictions for civil contempt. *See, e.g.*, *Lewis v. City of Waxahachie,* 465 F. App'x 383, 385 (5th Cir. 2012); *see also Fields v. Leonard*, No. 3:06-cv-115-L, 2006 WL 488690, at *1-*2 (N.D. Tex. Feb. 28, 2006). Here, Plaintiff concedes the finding of contempt of court has not been

reversed on appeal, expunged by executive order, or otherwise declared invalid. *See* Dkt. No. 31 at Question 8. Accordingly, any challenge to the contempt finding should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

Plaintiff seeks discovery sanctions against Attorney General Abbott for failing to respond to his interrogatories, request for production, and notice of deposition. *See* Dkt. No. 30. As the undersigned as previously explained, Plaintiff's *in forma pauperis* complaint has not been served due to the screening provisions of 28 U.S.C. § 1915. *See* Dkt. No. 17. The Court has not issued summons and ordered Marshal's service and no discovery schedule has been imposed. Therefore, no sanctions are warranted against Defendant Abbott.

In another civil case before a different judge earlier this year, Plaintiff was warned that sanctions may be imposed against him if he continues to file frivolous lawsuits due to his extensive filing history in this Court. *See Nixon v. Goldman Sachs Mortg. Corp.,* No. 3:13-cv-121-K-BF, 2013 WL 3324216, at *1, *5 (N.D. Tex. June 28, 2013), *not. of app. filed*, No. 13-10726 (5th Cir. July 8, 2013). After he filed this civil rights action, Plaintiff was again warned that "sanctions may be imposed against him if he continues to abuse the judicial system." Dkt. No. 6. Notwithstanding this admonition, Plaintiff persisted in this lawsuit and has filed numerous frivolous motions, including motions seeking recusal, discovery sanctions, change of venue, the premature issuance of summons, the entry of a default judgment, and to have Defendant deposit $250 million into the Court's registry. *See* Dkt. Nos. 8, 9, 14, 15, 16,

19, 21, & 30. Because Plaintiff persists in filing frivolous pleadings, he should be sanctioned by the Court. Plaintiff should be instructed that he may not re-file this complaint or any other civil action in this Court without either paying the applicable filing fee or filing an appropriate motion for leave to file accompanied by a proposed complaint and a motion for leave to proceed *in forma pauperis*. The Court should further order the Clerk of Court to docket – for administrative purposes only – any future civil action by Tracy Nixon that does not comply with these requirements and immediately close the case after placing a copy of the sanction order in the file, with no other action taken on non-compliant submissions.

## Recommendation

The Court should summarily dismiss Plaintiff's lawsuit pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's motion for sanctions [Dkt. No. 30] should be denied. Plaintiff should be barred from filing any further cases without paying the applicable filing fee or obtaining leave of Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 17, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE